UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 04-C-0760

CARL J. SCHWABE, et al.,

    Defendants.

## ORDER

       This civil action for foreclosure was initiated by the United States of America on August 11, 2004. Jurisdiction is pursuant to 28 U.S.C. § 1345. Defendants Carl J. Schwabe and Tracy L. Schwabe executed and gave to the plaintiff three promissory notes on August 31, 2000. (PFOF ¶ 1.) The notes were secured by a real estate mortgage signed by the Schwabes on the same date. (PFOF ¶ 3.) The notes provided that in the event of default, the plaintiff was entitled to declare the entire debt due and payable. (PFOF ¶ 6.) The Schwabes defaulted, and the plaintiff declared the debt due and payable on December 23, 2003. (PFOF ¶¶ 5, 7-9.) Defendants Gasco, Ausloos Dairy Equipment Inc., and Bay Lakes Cooperative have interests in the subject property junior and subordinate to the interest of the plaintiff. (PFOF ¶ 27.) Pending before me is the United States' motion for summary judgment.

       The plaintiff filed its motion for summary judgment on February 16, 2005. The Schwabes were granted two extensions of time to respond to the plaintiff's motion. Under the most recent extension, their response was due on June 15, 2005. Instead of responding on that date, however, the Schwabes have moved for a further extension of time to respond to plaintiff's motion for

summary judgment. The Schwabes claim that they have had difficulty finding the research materials necessary to prepare their response and that preparation of the response is difficult since they lack legal training.

While the court certainly understands the difficulties that non-lawyers have in navigating our complex legal system, the court has already granted nearly three months of extensions in this case. It is the responsibility of litigants either to retain counsel competent to respond to motions or to respond pro se within a reasonable time. The inability to do so is not good cause for a further extension. Accordingly, the request for a further extension is denied.

That brings the court to consideration of plaintiff's motion for summary judgment. As noted above, plaintiff filed that motion, properly supported by proposed findings of fact, on February 16, 2005. All of the defendants have waived service, and no defendant has responded in opposition to the motion. Plaintiff's proposed findings of fact are accordingly accepted as true. On the basis of those undisputed facts, plaintiff is entitled to judgment as a matter of law and foreclosure on the subject property.

**IT IS THEREFORE ORDERED** that defendants' motion for an extension (Docket #28) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Docket #23) is **GRANTED.** Counsel for plaintiff is instructed to prepare a judgment accordingly.

Dated this   17th   day of June, 2005.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge